```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DONALD J. GUICHARD, #19-A-1455,

                    Plaintiff,
                                            ORDER
          -against-                         19-CV-3443(JS)(AYS)

YAPHANK CORRECTIONAL FACILITY,
ERROL TOULON, Sheriff;
OFFICER MCGARTY, Law Library
Officer; JOHN DOE 1, Correction
Officer; JOHN DOE 2, Correction
Officer; MEDICAL UNIT and STAFF,
Doctors and Nurses;

                    Defendants.
----------------------------------X
```
APPEARANCES
For Plaintiff:      Donald J. Guichard, pro se
                    19-A-1455
                    Downstate Correctional Facility
                    121 Red Schoolhouse Road
                    P.O. Box F
                    Fishkill, New York 12524-0445

For Defendants:     No appearances.

SEYBERT, District Judge:

 On June 10, 2019, incarcerated pro se plaintiff Donald J. Guichard ("Plaintiff") commenced this action against the Yaphank Correctional Facility,[1] Suffolk County Sheriff Errol

---

[1] Because the Yaphank Correctional Facility is merely an administrative arm of the municipality, Suffolk County, it does not have an independent legal identity and cannot be sued. See, e.g., Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Accordingly, Plaintiff's claims against the Yaphank Correctional Facility are DISMISSED WITH PREJUDICE. Construing Plaintiff's Complaint liberally, see Burgos v.

Toulon, Jr., ("Sheriff Toulon"), Officer McGarty, Law Library Officer; two unidentified corrections officers ("John Does 1-2"), and unidentified doctors and nurses ("Medical Unit and Staff" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the Complaint is an application to proceed in forma pauperis.

Upon review of the declarations accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED.

IT IS HEREBY ORDERED that Plaintiff is granted leave to file the Complaint without prepayment of the filing fee or security; and

IT IS FURTHER ORDERED that the Clerk of Court must forward to the United States Marshal Service for the Eastern District of New York ("USMS") a copy of Plaintiff's Summonses,

---

Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court infers that Plaintiff intended to bring such claims against Suffolk County. Accordingly, the Complaint is deemed amended to be brought as against Suffolk County rather than the Yaphank Correctional Facility and the Clerk of the Court is directed to amend the caption. This amendment is without prejudice to any defenses Suffolk County may wish to assert.

Complaint, and this Order for service upon Defendants without prepayment of fees.

However, the USMS will not be able to serve the unnamed defendants without more information. Pursuant to Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam), the Court requests that the Suffolk County Attorney ascertain the full names and service addresses of the unnamed Defendants. Accordingly, the Clerk of the Court shall serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified individuals described in the Complaint and to provide their names and address(es) where each such Defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the Plaintiff may name and properly serve Defendants as instructed by the Second Circuit in Valentin. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed Defendants, Summonses shall be issued as to those Defendants, and the USMS shall serve those Defendants.

IT IS FURTHER ORDERED that the Clerk of Court is directed

to amend the caption as outlined in footnote 1 and to mail a copy of this Order to Plaintiff at his last known address.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: September __25__, 2019
 Central Islip, New York