UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
DONALD GUICHARD,           Index No. 2:18-CV-04083;
         2:19-CV-03443

        Plaintiff,          **ORDER TO SHOW CAUSE**

-against-

SUFFOLK COUNTY SHERIFF
CORRECTIONS FACITLITY, ET AL.,

        Defendants.
_____X

UPON reading and filing the annexed Affirmation of LANCE D. SIMON, ESQ., dated the 14th day of April 2022, the attached exhibits, and upon all the prior pleadings heretofore had herein,

LET the Defendants, or their attorney, and the Plaintiff DONALD GUICHARD, show cause before this Court, to be held in and for the United States District Court Eastern District of New York, at the Courthouse thereof located at 100 Federal Plaza, Central Islip, on the ___ day of _____, 2022, at 10:30 o'clock in the forenoon of said day or as soon thereafter as counsel can be heard, why an order should not be made and entered herein:

1. Relieving SIMON LAW GROUP, PLLC as attorneys of record for DONALD GUICHARD, the Plaintiff in the above-captioned action, and declaring that SIMON LAW GROUP, PLLC have no further responsibility in this action pursuant to CPLR § 321(b)(2);

2. Granting to the Plaintiff a stay of all proceedings in the within matter for a period of thirty (30) days from the date of the Court's determination of this application, to afford the Plaintiff an opportunity to retain new counsel;

3. Granting leave to serve the Order to Show Cause on Defendant's counsel, BRIAN C. MITCHELL, ESQ., without the supporting Affirmation and exhibits;

4. Granting SIMON LAW GROUP, PLLC such other, further, and different relief as to this Court deems just proper.

**SUFFICIENT CAUSE APPEARING THEREFORE,** it is

**ORDERED**, that SIMON LAW GROUP, PLLC is relieved as attorneys of record for DONALD GUICHARD, the Plaintiff in the above-captioned action, and SIMON LAW GROUP, PLLC has no further responsibility in this action pursuant to CPLR § 321(b)(2); and it is further

**ORDERED**, that pending the hearing and determination of this application, all proceedings in this matter are hereby STAYED; and it is further

**ORDERED**, that service of a copy of this Order, together with the papers upon which it is based, upon the Plaintiff, DONALD GUICHARD by email and overnight mail and a copy of the Order only, without any supporting papers, upon counsel for the Plaintiff's counsel, by regular mail, BRIAN C. MITCHELL, ESQ., with offices located 100 Veterans Highway, Hauppauge, New York 11788, by electronic delivery via NYSCEF, on or before the ___ day of _____, 2022 be deemed good and sufficient service thereof.

Dated: April 14, 2022
       Commack, New York

                                         E N T E R:

                                         _____
                                         J.S.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
DONALD GUICHARD,                                            Index No. 2:18-CV-04083;
                                                            2:19-CV-03443

                Plaintiff,                           **AFFIRMATION IN SUPPORT**

-against-

SUFFOLK COUNTY SHERIFF
CORRECTIONS FACITLITY, ET AL,

                Defendants.
_____X

      **LANCE D. SIMON, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following under the penalties of perjury:

      1.    I am an associate of the counsel of SIMON LAW GROUP, PLLC, attorneys for the Plaintiff, and as such I am fully familiar with the facts and circumstances pertaining to the proceedings concerning this litigation. I submit the within Affirmation in support of the firm's application seeking an Order for the following relief:

      a.    Relieving SIMON LAW GROUP, PLLC as attorneys of record for DONALD GUICHARD, Plaintiff in the above-captioned action, and declaring that SIMON LAW GROUP, PLLC has no further responsibility in this action pursuant to CPLR § 321(b)(2);

      b.    Granting to the Plaintiff a stay of all proceedings in the within matter for a period of thirty (30) days from the date of the Court's determination of this application, to afford the Plaintiff an opportunity to retain new counsel;

      c.    Granting leave to serve the Order to Show Cause on Defendant's counsel, BRIAN C. MITCHELL, ESQ., without the supporting Affirmation and exhibits;

    d.   Granting SIMON LAW GROUP, PLLC such other, further, and different relief as to this Court deems just proper.

2. On or about January 21, 2022, the Plaintiff retained our firm. A copy of said retainer is annexed hereto as **EXHIBIT A**. Your Affirmant's firm seeks to be relieved from representing the Plaintiff due to the fact that, the attorney-client relationship has irrevocably broken down between the Plaintiff and this firm rendering us unable to represent him in a manner that is necessary and that comports with our practices.

3. Without divulging particulars, we have attempted, on numerous occasions, to communicate with our client without a response or timely response. To date, we have not been provided necessary documents, that we were told existed or ascertainable upon the execution of the retaining agreement. Our client has missed all but one scheduled office meetings, which were required to be prepared to engage opposing counsel and this Court: not to mention to vie fully for our client.

4. To be candid, our client's inability to perform as is required has not been the result in bad-faith. It is very clear to the undersigned that there are financial issues that have affected the Plaintiff. With this said, our ability to represent the Plaintiff fully and competently has been abridged, irrespective of the predicate for same. This places our firm in jeopardy.

### A BREAK-DOWN OF THE ATTORNEY-CLIENT RELATIONSHIP

5. Pursuant to Local Civil Rule 1.4 which governs withdrawal of attorneys,

> "[a]n attorney who has appeared as attorney of record for a party ... may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal ... 'Satisfactory reasons include "a client's lack of cooperation-including lack of communication-with counsel, and the existence of an irreconcilable conflict between attorney and client." *Diarama Trading Co. v. J. Walter Thompson U.S.A.*, 01 Civ. 2950(DAB), 2005 U.S. Dist. LEXIS 17008, at *4, 2005 WL 1963945 (S.D.N.Y.

>   Aug. 12, 2005) (internal quotation marks omitted); *see also Ashmore v. Cgi Group, Inc.,* 11 Civ. 8611(AT), 2014 U.S. Dist. LEXIS 51618, at *2, 2014 WL 1414314 (S.D.N.Y. Apr. 7, 2014) (a breakdown of the attorney-client relationship is sufficient grounds for withdrawal); *Winkfield v. Kirschenbaum & Phillips, P.C.,* 12 Civ. 7424 (JMF), 2013 U.S. Dist. LEXIS 12093, at *3–4, 2013 WL 371673 (S.D.N.Y. Jan. 29, 2013) (irreconcilable differences constitute a satisfactory reason for withdrawal)."

*Naguib v. Pub. Health Sols.*, No. 12 CV 2561 ENV LB, 2014 WL 2002824, at *1 (E.D.N.Y.).

6. Analogously, "DR 2–110(C)(1)(d) of the Code of Professional Responsibility provides that an attorney's withdrawal from representation is permitted where a client's conduct "renders it unreasonably difficult for the lawyer to carry out employment effectively". *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 565–66, 570 N.Y.S.2d 677, 678 (1991).

7. Despite numerous attempts to counsel the Plaintiff on his obligations with respect to the above, same has fallen on deaf ears, and we have been unable to act effectively as we typically do in litigating such cases.

8. Accordingly, the Plaintiffs' failure to cooperate has caused the irretrievably broken attorney-client relationship that necessitates an Order relieving this Firm from representing the Plaintiff.

9. In light of the Plaintiffs' inability to fully cooperate with this firm's representation of him, this application has become a necessity.

**A THIRTY-DAY STAY OF ALL PROCEEDINGS SHOULD BE GRANTED**

10. Section 321(2)(c) of the Civil Procedure Laws and Rules governs such withdrawal, and states in pertinent part,

> Upon an order granting withdrawal of an attorney "no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs."

11. Thus, it is respectfully requested that the Plaintiff be given thirty (30) days to retain successor counsel to ensure she is afforded sufficient time to seek representation. Perhaps the Plaintiff can secure representation closer to his home that will culminate in a situation that will be tenable for him.

12. Section 321(2) of the Civil Procedure Laws and Rules provides,

> An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action, or, if a party appears without an attorney, to the party, and to any other person, as the court may direct...

13. This application is made in good faith.

14. That no prior application for the relief requested herein has been made to this Court or any other court of competent jurisdiction.

15. Notice of the within application was given pursuant to NYCRR 202.7. A copy of the 202.7 notice is annexed hereto as **EXHIBIT B.**

**WHEREFORE**, your Affirmant respectfully requests that the relief sought in the annexed Order to Show Cause, be granted in its entirety, and that SIMON LAW GROUP, PLLC be relieved of its obligations as counsel for the Plaintiff, DONALD GUICHARD, and be permitted to forthwith withdraw in this matter.

Dated: April 14, 2022
       Commack, New York

_____
LANCE D. SIMON, ESQ.